And our final case of the day is Andrade v. City of Hammond, Indiana. Good morning, your honors, and may it please the court. Mr. McGowan. Mr. McEwen for the appellant, Jose Andrade. We are here today appealing a summary judgment which granted the offensive use of race judicata against a federal lawsuit that arises out of an administrative proceeding. I want to take just a couple of moments to focus on the status of Mr. Andrade's direct appeal of the administrative proceedings when I took over the case. At that point, the state court had already granted summary judgment to these appellees on Mr. Andrade's challenge to the administrative action. We're talking about the Court of General Jurisdiction in Indiana, right? The Lake Superior, Lake County Superior Court. So looking at both the materials here and more generally, that court had jurisdiction to entertain anything. It's a de novo review. If he had wanted to add claims about eminent domain or due process or the first amendment, whatever, he could have added anything. So he had an opportunity to litigate. I appreciate the question, your honor, because I showed up in February of 2018 prepared for a two-day trial at which we were going to put on this evidence. And these appellees through this very counsel convinced the state court judge that the record was complete and the court could not accept new evidence. I had witnesses in the gallery. On those theories, I mean, see, there's so much that I don't know about this other than the fact that even the Supreme Court has looked at situations where there is a combined state administrative appeal to a court of general jurisdiction and the possibility of adding new claims. I don't know whether the state court thought it was too late in the day. You apparently were not the original counsel. Whether the state court had other normal judicial management reasons for saying that the time is not right. But just as a matter of jurisdiction of the Indiana courts, if the first court was saying the wrong thing, there are appellate courts in Indiana too. One could challenge that. And indeed that happened, and the court of appeals affirmed, which leads to my central question, which is, is there any reason to think that if you restarted the litigation in Indiana, the state of Indiana would give you a decision on the merits, or would it invoke preclusion? I believe that the state court— I'm not asking what you believe. Sure. I'm asking whether there is a reason, for example, some decision of the Supreme Court of Indiana. It may not be clear why I am asking this, because the briefs don't discuss it. But 28 U.S.C. 1927 says that we have to give the state court's judgment exactly the respect, neither more nor less, that a state court would give it. So when you're arguing that you can litigate in federal court, you are necessarily arguing that you could also relitigate in state court. And I'm trying to figure out whether there's any state authority for that proposition. Your Honor, I believe the case of Leal v. Krajewski, 803 Fed 2nd, 332— I am asking whether there is any state authority for that proposition. You may have noticed that that is not a state case. I did. But, Your Honor, that case discusses that Indiana— If the answer is no, then it's no, and we can go from there. I am not aware, Your Honor, of any state authority that holds that. But I did try to bring these actions in state court. And the reason that I take such passion to bring this appeal is because the district court, Judge Springman said, Mr. Andrade cannot use his failure to bring these claims in Lake Superior Court as a means to avoid race judicata. That sort of implies that I, as his trial counsel, was unaware of Atkins v. Hancock, 910 Fed 2nd, 403, in which this court said the Indiana State Court is a court of concurrent jurisdiction. I'm aware of concurrent jurisdiction. I was attempting to bring these claims. So that's why I say—I don't know from this record, but there could be reasons why you couldn't. But they certainly don't flow from either the scope of jurisdiction of the Lake County Court or anything else. And Judge Springman was entirely right to say you can't just come over to the federal court and get another bite at the apple because that's because of 1738, the full faith and credit statute. There's also—which is why Judge Easterbrook's hypothetical, you know, could you go to an Indiana court, is an interesting one to consider. Looking at what the Indiana Appellate Court said, I don't know if you made—I don't know whether your argument said the state trial court should have allowed an amended complaint at the time you came in or the like. But I can think of reasons that have nothing to do with your opportunity to be heard that might cause a court to say, you know, this litigant who's going to be represented by different lawyers. Sometimes people do change lawyers, but you're responsible ultimately for your own case. This litigant, it's too late in the day to raise these things, which may be unfortunate for Mr. Andrade, but that's the way the system works. On my direct appeal to the Indiana Court of Appeals, I challenged the scope, the limited scope, that the trial court judge placed upon me when he said no new evidence, records closed. What's he talking about? Is he talking about no new evidence on this issue about, you know, the 1927 building code and all the rest of that? Or is he—or is the judge saying, I'm not going to even entertain new theories of the case? I don't want to say claims, but new theories of the case. Well, let me say we were set for two days, and when the judge said no new evidence, the trial lasted from 10 a.m. to noon. And I heard the judge tell me, you're arguing the record from the administrative proceeding. I don't want to hear from witnesses. I don't want to hear other theories. I don't want to hear 1983 claims. I don't want to hear challenges to the process that was afforded to Mr. Andrade. And this is reviewable and was reviewed by the state appellate court, which affirmed. The questions we are asking you all boil down to, would Indiana say you can start again and contend that the Court of Appeals was wrong, that it shouldn't have affirmed? Well, I believe, Your Honor, respectfully, there is a split amongst our Supreme Court justices with respect to what de novo review of an administrative proceeding actually means under Indiana law. No, that's not the question we are asking. With all due respect, Your Honor, I believe it addresses whether or not I had the opportunity to bring a separate action in that de novo review of an administrative proceeding because Indiana Supreme Court Justice Slaughter has said we have an odd definition of de novo review. We limit the plaintiff's ability to introduce evidence, and we ask the court to do a de novo review, but we don't really grant the opportunity to the plaintiff or the appealing party to challenge the administrative proceeding. Mr. McKeown, it does look like you did raise these exact arguments, though, before the state court during the evidentiary hearing. You say to the state court that your theory is that the city intentionally withheld exculpatory evidence about the building and that it submitted expert testimony from two inspectors. It precluded you from cross-examining on the basis of those, and you raised that argument before the Court of Appeals, and the Court of Appeals affirmed. You've already litigated it. But I believe that's a different standard than that applied by the district court when Judge Springman said How do you get around the fact that based on what you already did before the state court that you've already litigated it, which falls right into the preclusion argument? Well, because I wasn't permitted the opportunity to present the witnesses that I had. In other words, you are saying in several different ways that you believe the state court's decision was wrong, and we are asking in several different ways whether that is something that permits collateral review of the state court's decision. I believe that it permits federal jurisdiction to review it. This is not a question of federal jurisdiction. It's preclusion. This is a question about Section 1738. And with all due respect, I don't believe that the district court properly applied Indiana's law of identical evidence because this is not a case where I negligently failed to introduce evidence in the state court proceeding. I was precluded by the trial judge from doing so. It's not evidence. Evidence doesn't determine it. It's a claim. I see my time's expired, but I'd like to address your question if I could. Certainly. Very briefly. The identity of evidence, and this court has clearly said on prior occasions that Indiana law on preclusion is a little bit different because they use the identity of evidence test. And so here the district court said the evidence you want to introduce in this federal case is the same as what you should have introduced in the state court. And my response is the identical evidence test doesn't apply when a judge says you can't introduce it. If I had negligently failed to prosecute a 1983 claim in the state court, that would be one thing. I was precluded intentionally by the trial court from doing so. I think we have your answer. Thank you, Your Honor. Mr. Jensen. Good morning, Your Honor. Mr. Jensen. The case is unique because we believe. This case isn't remotely unique. We're asking that there are two judgments which serve to preclude the claim that was filed, and I call it 430, which is the second of the federal claims that the Andrade filed. The first federal claim was 15-134, which resulted in summary judgment by the federal court based upon race judicata, based upon the decisions that went all the way to the Indiana Supreme Court, dealing with the issues having to do with the January 12, 2017, hearing before the Safety Board, the hearing before a judge in the Lake Superior Court in February, and the appeal to the Indiana Court of Appeals, which affirmed. The same contentions were raised in 134 that were raised in 430, and 134 resulted in a decision on the merits with regard to all of the issues that he then sought to raise again in 430. In the course of 134, he filed a motion for leave to file a second amended complaint. That was filed in June of 2019, and the court denied leave to file that second amended complaint. It raised the same issues that you're hearing about now, that is the hearing that took place on January 12, 2017, the purported failure to comply with the subpoena, which was adjudicated by the Court of Appeals in 2018, and the issue of whether or not the unsafe building law applied, or whether this was somehow or another a zoning ordinance dispute which required the intervention of a judicial officer. All of those were relied upon and served as a basis for the decision on summary judgment in 134. The general rule is that that motion for leave to amend is merged into that judgment, and that judgment was never appealed. So we rely upon 134 as well as the decision by the Indiana Court of Appeals in 2018 with regard to all of these issues, and every issue he's talking about emerges from that common core of facts that took place at the January 12, 2017 hearing, and then again before the Lake Superior Court in 2018. And let me emphasize to the Court, we don't know what this evidence was that he wanted to present, because there was never an author of proof, not once. We don't have the slightest idea what his contentions were, what evidence he had to produce, which he had not produced at the time of the 2017 hearing before the Safety Board, because he never deigned to make a record and an author of proof. But he did know that the scope of review in Indiana is much broader with regard to this statute than he's given us credit for, because not only is it including what is arbitrary and capricious and abuse of discretion, but also involves issues having to do with violations of the Constitution, statutes, or legal principles. So that was my only question. Assuming it were done at an appropriate and timely stage in the litigation, you're saying, as I understand you, that in Indiana he could have raised a due process argument, he could have raised any kind of 1983 federal argument in the Lake Superior Court. Absolutely. Alongside the Administrative Appeal. Yes, and the Court of Appeals tells us that, but where is the preservation of that purported error that comes out of the hearing in March of 2018? We're left to guess what any of these things are. And so they develop a life of their own, sort of like a balloon, but they don't have any basis. Well, we don't have to worry about what they are if the opportunity to raise them was something that can be established, because that's all that claim preclusion requires. It doesn't really matter if they're registered or not. And that, Judge Wood, was the position that Her Honor Judge Springman took not only in 430, which is on appeal to you, but also in 134. So the question that I guess is left for everybody to mull over is, when you don't preserve error, you don't make a record, and you take an appeal. Do you realize this has absolutely nothing to do with Section 1738? But we do have a preclusion. I'm just puzzled by what's going on here. The district court twice cited 28 U.S.C. 1738 and said that the only question is whether Indiana would allow this to be relitigated. Both of you have ignored that question, and I don't get why. Well, if it's not clear, I'll certainly make it clearer to you. Indiana would not allow this matter to go forward. It's gone forward under the principles of judicial review, under the statute, at which time you can raise a number of other issues which were not raised. So we not only have the issues of waiver, but we also have the issue of estoppel or preclusion. This case would not see the light of day back in Indiana. And it went to the Supreme Court. And the Supreme Court denied transfer. And then it went to the United States Supreme Court. So the final decision is the decision of the State Court of Appeals. That's correct. And that's the one we looked to. That's correct. And that's the one that Judge Springman looked to twice. It's really pretty straightforward. If Indiana – that's what Section 1738 is all about. The federal courts need to give judgments the same amount, no more, no less effect as the State would. So if Indiana would not allow this case to be relitigated, no second bites at the apple for all of these various theories, for the underlying injury, then the federal courts can't do it either. If Indiana would allow it, or maybe there's some exception here or some other thing there, then the federal courts would need to run down those rabbit holes. Indiana would not allow this to go forward. This is a dead letter. And so the federal court can't either. I mean, you can see all kinds of cases that say this. So I think that pretty much sums up my position with regard to this. But I do believe that 134 also is instructive here because it's the same contention. But all you're saying is that there's also a federal theory under the federal common law of judgments, which may be the case, but we should probably start with the state courts. And that's exactly what Her Honor did, both in 134 and 430. But remember, 134 raised the same issues that are raised in 430. And we're really not talking about two bites at the apple. We're now to three. Thank you for your time and attention. Thank you very much. The case is taken under advisement, and the court will be in recess.